# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

PORT HAMILTON REFINING AND TRANSPORTATION, LLLP

Petitioner,

vs.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

Case No.: 23-1094

## **PETITIONER'S MOTION TO EXPEDITE APPEAL**

Pursuant to Federal Rule of Appellate Procedure 4 and Third Circuit Rule 4.1, Petitioner Port Hamilton Refining and Transportation, LLC ("Port Hamilton") respectfully moves this Court to expedite this proceeding and approve the expedited briefing schedule provided below. In support of its request, Port Hamilton states as follows:

1. After decades of operation, in late 2011, HOVENSA, LLC ("HOVENSA") decided to idle the St. Croix refinery due to an economic downturn. In January 2016, HOVENSA sold the refinery to Limetree Bay Terminals, LLC. Limetree Bay Terminals, LLC later conveyed the refinery operations to Limetree Bay Refining,

     LLC (hereinafter, the Prior Owner). *See* attached Declaration of Charles Chambers at ¶ 3.

2. On April 5, 2018, the U.S. Environmental Protection Agency ("EPA") issued a determination to the Prior Owner stating that the refinery could be restarted without obtaining a preconstruction permit under the Prevention of Significant Deterioration (PSD) provisions of the Clean Air Act. EPA reinforced this determination in 2020. *Id.* at ¶ 4.

3. On May 8, 2020, the Virgin Islands Department of Planning and Natural Resources, which has EPA-delegated authority to issue certain air pollution control permits on the Virgin Islands, revised a permit issued to the Prior Owner authorizing certain activities and operations at the refinery. That permit remains valid and is held by Port Hamilton. EPA did not object to the operating permit on the grounds that a new PSD permit was required before operations could be restarted. In fact, EPA provided additional documentary support for its 2018 determination that no PSD permit would be required to restart the facility. *Id.* at ¶¶ 5-6.

4. The Prior Owner subsequently restarted the St Croix refinery in September of 2020 under the air permit issued by the Virgin Islands Department of Planning and Natural Resources. The refinery continued operations until May of 2021, when EPA issued an order to the Prior Owner under Section 303 of the Clean Air Act after incidents occurred that resulted in the release of excess pollutants. Even during this time period, however, EPA never contended that the Prior Owner had illegally restarted the refinery without obtaining a new PSD permit. A lawsuit filed against the Prior Owner in July 2021 under Section 303 of the Clean Air Act has been stayed pursuant to a Joint Stipulation in which the United States agreed to several preconditions that must be satisfied prior to restarting the refinery. Notably, such preconditions do not include obtaining a PSD permit. *See id.* at ¶¶ 7-8.

5. Later in 2021, the Prior Owner of the refinery filed for relief under Chapter 7 of the Bankruptcy Code. Shortly thereafter, on September 24, 2021, EPA issued a letter to all prospective bankruptcy bidders regarding various environmental issues at the refinery. EPA indicated that a new PSD permit might be necessary

depending upon the configuration of a restart, but it did *not* indicate to potential bidders that it considered the refinery to have been at any time in a permanent shutdown such that it would require a successful bidder to undergo the lengthy and expensive process of obtaining new PSD permits before the refinery could be restarted. *See id.* at 9.

6. Based on this history of events, including the 2018 and 2020 determinations by EPA that no PSD permit would be required, Port Hamilton purchased the St. Croix refinery in January 2022, with plans to restart the refinery as soon as practicable. *See id.* at ¶ 10.

7. Port Hamilton was moving forward with plans to restart the refinery by the end of 2023 until November 16, 2022, when EPA notified Port Hamilton that it now "conclude[s] that the Refinery was permanently shut down in 2012 and that restarting the Refinery qualifies as construction of a new major stationary source under the federal PSD permitting regulations applicable in the U.S. Virgin Islands," reversing its prior 2018 and 2020 determinations. Port Hamilton objected to the Agency's reversal and implored EPA to reconsider its new position, proposing specific ways in which the

restart could be allowed under the existing permit issued by the Virgin Islands Department of Planning and Natural Resources. *See id.* at ¶¶ 11-12.

8. Port Hamilton on several occasions urgently requested an EPA meeting to discuss the proposal, but instead EPA simply doubled down on its November 16, 2022 reversal. *See id.* at 13.

9. To restart the St. Croix refinery by the end of this year, work must begin very soon. A delay of years, coupled with the uncertainty that is inherent in the outcome of any PSD permitting process, jeopardizes Port Hamilton's restart plans and threatens its very existence. Indeed, a shutdown would have a devastating effect on the local economy, eliminating jobs and tax revenue that otherwise would be generated by a restart.

10. EPA's reversal would also mean the termination of the refinery workers and multiple contractors Port Hamilton retained—in reliance on EPA's 2018 and 2020 assurances that it could restart the facility. In the meantime, Port Hamilton continues to spend approximately $3 million per month to keep the refinery in a safe standby mode. This spending cannot be sustained, however,

without the certainty that restart can proceed as EPA previously agreed. *See id.* at ¶ 14.

11. EPA has asserted that, under the PSD regulations, Port Hamilton cannot "begin actual construction" of the already-existing refinery until it first obtains a PSD permit. Based on past experience, obtaining such a permit from EPA is likely to be a two-to-three-year process, which is typically followed by an additional year or more to undertake necessary work to prepare for restarting the refinery. EPA also asserts that these steps must occur sequentially. Consequently, under EPA's approach, the St. Croix refinery would not restart until 2026 or 2027. This extended schedule adds substantial costs to the restart project, rendering it uneconomic to pursue. If restart is delayed for a period of years, Port Hamilton may have to abandon its restart plans and instead shut down and dismantle the refinery.

12. Even if this Court agrees that EPA's efforts to reverse its prior determination were arbitrary, capricious, or otherwise not in accordance with law, Port Hamilton is facing a significant additional delay in its ability to restart the refinery. Proceeding

with judicial review under a typical timeline for Circuit Court review would likely mean a decision by early in 2024, followed by one year to physically accomplish a restart of the refinery units. That would mean a restart would likely not occur until early 2025. This delay would seriously jeopardize Port Hamilton's ability to preserve jobs at the refinery and keep the facility in a "warm" idle mode. Only expedited judicial review would mitigate such risks.

13. Without expedited judicial review, a restart of the refinery may not be a plausible option. Assuming expedited judicial review could shave 10 months off the timeline for typical appellate court review, Port Hamilton otherwise would have to spend roughly $30 million in additional costs to keep alive its chances for a successful outcome in litigation—a burden Port Hamilton should not have to bear. *Id.* at ¶15.

14. Nor should the purchasers of the refinery's output be left in the lurch. An expedited proceeding is needed to help relieve the fuel shortages and price spikes that continue across the United States. Indeed, American refining capacity is down nearly 1 million barrels per day from pre-pandemic levels and global refining capacity fell

by 730,000 barrels per day in 2021 alone, the first decline in 30 years, according to the International Energy Agency. L. Sanicola, *Global refiners falter in efforts to keep up with demand* (May 31, 2022), available at

https://www.reuters.com/markets/commodities/global-refiners-falter-efforts-keep-up-with-demand-2022-05-31/ (last visited Jan. 27, 2023).

15. The planned restart of the refinery will be in a limited operation known as "topping mode." This type of operation is the simplest and safest mode of operating a refinery, as well as the fastest way to bring an idled refinery online and in production. *See* attached Declaration of Eduardo del Valle at ¶ 2.

16. Operating in "topping mode" will enable the refinery to process up to 180,000 barrels per day of sweet (low sulfur) crude oils to produce kerosene and jet fuel (on-spec), heating oil and distillate blend stock, light and heavy naphtha, and bunker fuel appropriate for use as marine fuel. *Id.*

17. Port Hamilton's plan to process as much as 180,000 barrels per day of crude oil into marketable products would increase the available

pool of primary products normally produced in refineries and significantly ease the tight supply of such products in the United States market. *Id.* at ¶¶ 4-6.

For all the foregoing reasons, Port Hamilton respectfully requests that the Court issue an order expediting this appeal and requiring briefing and other filings on the following schedule:

February 22, 2023:   Filing of the EPA Record

February 24, 2023:   Filing of Petitioner's Brief

April 12, 2023:   Filing of the Government's Response Brief

April 19, 2023:   Filing of Petitioner's Reply Brief

Counsel for Port Hamilton has conferred with counsel for the Government regarding the relief requested in this Motion. The Government takes no position regarding whether expedited briefing is necessary, but the Government agrees to the above-referenced schedule.

Date:January 27, 2023                              Respectfully submitted,

   /s/ Andrew C. Simpson
Andrew C. Simpson
V.I. Bar No. 451
ANDREW C. SIMPSON, PC
2191 Church St., Ste. 5
Christiansted, VI 00820

340.719.3900
asimpson@coralbrief.com
www.coralbrief.com
*Counsel for Port Hamilton Refining and Transportation LLLP*

Matthew W. Morrison
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
202.663.8036
matthew.morrison@pillsburylaw.com

*Co-Counsel for Port Hamilton Refining and Transportation LLLP*

Julie R. Domike
BABST|CALLAND
505 9th St. NW
Suite 602
Washington, DC 20004
jdomike@babstcalland.com
202.853.3453

Gary E. Steinbauer
BABST|CALLAND
Two Gateway Center
Pittsburgh, PA 15222
412.394.6590
gsteinbauer@babstcalland.com

10

# CERTIFICATE OF SERVICE

I certify that on January 27, 2023, I served the Respondent by filing this motion and attachments using the Court's electronic filing system, which will deliver a Notice of Filing to:

HEATHER E. GANGE
D.C. Bar No. 452615
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone No: (202) 514-4206
Heather.Gange@usdoj.gov

Counsel for Respondent

    /s/ Andrew C. Simpson