Case No. 23-1094

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

PORT HAMILTON REFINING AND TRANSPORTATION, LLLP,

Petitioner,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

U.S. ENVIRONMENTAL PROTECTION AGENCY'S RESPONSE
TO THE COURT'S ORDER OF JANUARY 20, 2023

Respondent the United States Environmental Protection Agency ("EPA") hereby responds as follows to the Court's Order of January 20, 2023:

The EPA action challenged in this suit is reviewable in this Court under the Clean Air Act's judicial review provision at 42 U.S.C. § 7607(b)(1). The challenged action is EPA's final determination that Petitioner Port Hamilton Refining and Transportation LLLP ("Port Hamilton") is required to apply for and receive a final and effective Prevention of Significant Deterioration ("PSD") permit under the Clean Air Act prior to restarting the refinery located at 1 Estate Hope, Christiansted, St. Croix, U.S. Virgin Islands ("Refinery") (hereafter "PSD Applicability Determination"). This conclusion was expressed in a letter dated November 16, 2022, from Joseph Goffman, Principal Deputy Assistant Administrator of EPA's Office of Air and Radiation, to Julie R. Domike, Esq. and Thomas V. Eagan, Esq. Petition, Docket No. 1-3, at 6-47.[1]

As explained below, the PSD Applicability Determination at issue qualifies as a "final action" reviewable in the courts of appeals under 42 U.S.C. § 7607(b)(1). This Court is the proper venue because the challenged agency action relates to a facility in

---

[1] Exhibit A to the Petition is an incomplete copy of the PSD Applicability Determination. The complete document includes an Attachment 3 that cannot be made public because it includes facts that the Petitioner asserts are Confidential Business Information. *See* Docket No. 1-3, at 7.

the Virgin Islands and is therefore "locally or regionally applicable" within this judicial circuit under Section 7607(b)(1).

Under the Supreme Court's seminal decision in *Bennett v Spear,* an agency action is final for purposes of judicial review if it both: (1) marks the consummation of the agency's decision making process (*e.g.,* is not merely tentative or interlocutory); and (2) determines rights or obligations, or is an action from which legal consequences flow. 520 U.S. 154, 177-78 (1997); *see Whitman v. Am. Trucking Assoc.*, 531 U.S. 457, 478 (2001) (the phrase "final action" . . . bears the same meaning in § 307(b)(1) that it does under the Administrative Procedure Act"). This Court has further identified five "pragmatic considerations" that it considers "relevant to whether agency action is final":

> (1) whether the decision represents the agency's definitive position on the question; (2) whether the decision has the status of law with the expectation of immediate compliance; (3) whether the decision has immediate impact on the day-to-day operations of the party seeking review; (4) whether the decision involves a pure question of law that does not require further factual development; and (5) whether immediate judicial review would speed enforcement of the relevant act.

*Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 249 (3d Cir. 2011); *see also Del. Dep't of Nat. Res. & Env't Control v. EPA*, 746 F. App'x 131, 134 (3d Cir. 2018) (describing five factors as "analogous—but not identical" to the Supreme Court's two-prong test.

Applying the *Bennett* test and the factors identified by this Circuit, EPA's PSD Applicability Determination is final. It marks the consummation of EPA's decision-making process and represents EPA's definitive position on whether Port Hamilton must obtain a new PSD permit for the Refinery before it can restart. *See* Docket No. 1-3, at 6, 8. The Applicability Determination also has immediate legal consequences for Port Hamilton. As stated in the determination, Port Hamilton "is required to apply for an receive a final and effective PSD permit prior to restarting the Refinery or beginning actual construction as defined in 40 CFR 52.21(b)(11)." *Id.* At 6. Thus, pursuant to the Applicability Determination and EPA's regulations, Port Hamilton will be in violation of the Clean Air Act if it restarts the Refinery prior to obtaining a final and effective PSD permit.

EPA has previously recognized PSD applicability determinations to be final actions subject to judicial review. *See e.g.,* 65 Fed. Reg. 77623 (Dec. 12, 2000). Judicial precedent also supports the view that PSD applicability determinations constitute "final action." *See Hawaiian Elec. Co. v. EPA*, 723 F.2d 1440, 1442 (9th Cir. 1986) (PSD applicability determination final and reviewable); *Puerto Rican Cement Co. v. EPA*, 889 F.2d 292, 295-96 (1st Cir. 1989) (same). *See also U.S. Army Corps of Engineers v. Hawkes*,

578 U.S. 590, 597 (2016) (holding that EPA determination that company's property was subject to Clean Water Act jurisdiction was final and reviewable).[2]

Thus, this Court has jurisdiction under 42 U.S.C. § 7607(b)(1).

Respectfully submitted,

Dated: February 3, 2023

/s/ *Heather E. Gange*
HEATHER E. GANGE
Environmental Defense Section
Environment & Natural Resources
 Division
U.S. Dept. of Justice
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 514-4206

*Counsel for Respondent*

---

[2] While PSD applicability determinations are not specifically enumerated in Section 7607(b)(1), the phrase "any other final action" refers to any action under the Act that is final and that is not specifically enumerated. *Harrison v. PPG Industries*, 446 U.S. 578, 587-94 (1980).

## CERTIFICATE OF SERVICE

I, Heather E. Gange, certify that on this 3rd day of February, 2023, I electronically filed a true and correct copy of the foregoing through the CM/ECF system which caused counsel for all Parties to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

*/s/ Heather E. Gange*
Heather E. Gange