# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced.  Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT
CAPTION:_____

USCA NO.: _____

LOWER COURT or AGENCY and DOCKET NUMBER:
_____

NAME OF
JUDGE:_____

Specify who is suing whom, for what, and the subject of this action.  Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal.  If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

When a refinery resumes operations after being placed in idled status, it may resume operations under its existing permits. The EPA maintains that a refinery that is idled for longer than two years is presumed to have "shut down," which has the practical effect of requiring the refinery to obtain new permits as if it were a newly-constructed or modified facility, under the permitting regime in place at the time of restart. The presumption is rebuttable.

The refinery on St. Croix was placed in idle status in 2012. Six years later, the new owner of the refinery sought to resume operations and sought confirmation from EPA that it had rebutted the presumption and had been in idled status since 2012. On April 5, 2018, the EPA agreed that the presumption had been rebutted and confirmed that the refinery on St. Croix had been idled since 2012. EPA directly reaffirmed this position in 2020 and reaffirmed it by implication in 2021 when it identified the conditions the refinery had to meet in order to resume operations following an environmental incident and did not include as a condition that the refinery obtain new permits. Unfortunately, the then-owner of the refinery declared bankruptcy and the refinery assets were sold in the bankruptcy proceeding.

In reliance upon the above, and other statements and actions of EPA, Port Hamilton Refining and Transportation (PHRT) purchased the refinery in the bankruptcy auction in January of 2022 and proceeded with plans to resume operations of the refinery. However, on November 16, 2022, EPA issued a letter determination that is the subject of the Petition and declared that it had changed its mind and now concluded that the refinery had been permanently shut down in 2012 and that therefore PHRT would have to apply for and receive new permits.

Identify the issues to be raised on appeal:

1. An agency is permitted to change, or even reverse, a prior agency action, but its ability to do so is significantly constrained if a party has acted in reliance upon the prior action. PHRT made a $62 million purchase, and then spent almost that same amount in the process of preparing the refinery to resume operations, in reliance upon EPA's April 5, 2018 Determination, only to have EPA reverse that Determination on November 16, 2022. Did EPA’s November 16, 2022 reversal of its April 5, 2018 Determination violate PHRT’s protected reliance interests?

2. EPA cannot change an earlier determination of the applicability of a regulatory program unless it discovers new facts or information sufficient to justify a change in that earlier determination. EPA's November 16, 2022 determination was based on essentially the same facts before the agency when it made its earlier contrary determination on April 5, 2018, and there was no new evidence or information sufficient to justify a complete reversal of its position. Did EPA act in an arbitrary and capricious manner in reversing its earlier determination?

3. EPA’s Prevention of Significant Deterioration program under the Clean Air Act is expressly limited to new and modified sources of emissions. The St. Croix refinery was never shut down, and since 2012 has either been in operation or a “hot idle” mode. Did EPA exceed its authority in requiring a PSD permit at the St. Croix refinery?

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this 13th day of February, 2023.

/s/ Andrew C. Simpson

Signature of Counsel

Rev. 07/2015