IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

PORT HAMILTON REFINING AND
TRANSPORTATION, LLLP

PETITIONER,

VS.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

RESPONDENT.

CASE NO. 23-1094

OPPOSITION TO
ST. CROIX ENVIRONMENTAL ASSOCIATION'S, SIERRA CLUB'S
AND CENTER FOR BIOLOGICAL DIVERSITY'S MOTION TO INTERVENE

This Circuit's precedent establishes that when a "public interest group's" interests "strongly parallel those of the public agency, the "'would-be intervenor [must make] a strong showing of inadequate representation.'" *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996).

Moreover, even if an applicant for intervention can establish inadequate representation and that it possesses a sufficient legal interest in the underlying dispute, "the applicant must also show that this claim is in jeopardy in the lawsuit." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992). Here, the proposed intervenors cannot

1

show that their interests "may be affected or impaired, *as a practical matter* by the disposition of the action." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.), *cert. denied*, 484 U.S. 947 (1987) (emphasis added).

The would-be intervenors in this case have not met the substantial burden they must overcome to be permitted to intervene—especially given that this is an expedited proceeding—and therefore their motion should be denied. However, Port Hamilton has no objection to them participating as *amici curiae*.

## BACKGROUND

This petition for review arises because in 2022 EPA reinterpreted, or misinterpreted, the same facts that it had previously relied upon when concluding in 2018 that the oil refinery on St. Croix ("the refinery") had been in idled status since 2012. In the span of four-and-a-half years, the EPA had a change of heart and reached the diametrically opposite conclusion and stated in November 2022 that the refinery had been permanently shut down—rather than idled—since 2012 (notwithstanding the fact that portions of the refinery never ceased to operate and that the

refinery actually resumed production of refined products in 2020–21).[1]

There are three key issues raised by Port Hamilton's Petition for Review:

1. Does a statutory requirement (found at 40 U.S.C. § 7475(a)) that unambiguously applies *only* to either (a) a newly constructed refinery or (b) a refinery that undergoes a major modification that results in net increase in regulated emissions, apply to a refinery that does not fall under either category?

2. Did EPA act arbitrarily and capriciously when—in reliance upon the same evidence—it reached a conclusion in 2022 that was diametrically opposed to the conclusion it reached in 2018?

3. Does Port Hamilton's substantial reliance upon EPA's 2018 Determination and other statements made by EPA preclude it from reversing its position four years later?

The first issue is a straight-forward issue of statutory construction. The

---

[1] The distinction between idled status and shut-down status is that EPA asserts that a refinery that has been shut down and is to be restarted should be treated as "newly constructed" and therefore subject to permitting requirements Congress has imposed upon newly constructed refineries. A refinery that has been idled is not subjected to this process.

latter two issues are fact-specific and are based upon knowledge uniquely possessed by the parties and that are beyond the ken of the proposed intervenors. Indeed, the Administrative Record filed by EPA does not reflect *any* participation by the proposed intervenors in the proceedings below and thus they cannot claim any specialized interest or knowledge *of record* related to this proceeding.

## PAST IS NOT PROLOGUE

Critically, would-be intervenors raise concerns about past refinery operations under prior ownership rather than the proposed refinery operations under the stewardship of the current refinery owner. Thus, they cite environmental violations by prior owners HOVENSA, LLC and Limetree Bay Refining, LLC to justify their concerns about Port Hamilton. While it is certainly understandable that the past violations might raise such fears, they cite nothing about Port Hamilton that even remotely suggest that their fears about Port Hamilton are appropriate or that Port Hamilton is inclined to repeat the mistakes made by its (unrelated) predecessors. Proposed intervenors do not discuss Port Hamilton's proposed plan for recommencing operations and only speculate as to how its operations might affect them. (Port Hamilton's plans differ

substantially from the prior owners' plans precisely because Port Hamilton

has no intention of repeating the mistakes of its predecessors.) Because

they base their request for intervention upon historical actions by non-

parties to the litigation rather than Port Hamilton's plans, would-be

intervenors concerns are reduced to sheer speculation.

## ARGUMENT

### I. PROPOSED INTERVENORS HAVE NOT SHOWN A SIGNIFICANTLY PROTECTABLE INTEREST RELATING TO THE NOVEMBER 16, 2022 EPA DETERMINATION.

> [T]he polestar for evaluating a claim for intervention
> is always whether the proposed intervenor's interest is
> direct or remote. Due regard for efficient conduct of the
> litigation requires that intervenors should have an
> interest that is specific to them, is capable of definition,
> and will be directly affected in a substantial concrete
> fashion by the relief sought. The interest may not be
> remote or attenuated. The facts assume overwhelming
> importance in each decision.

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998).

The proposed intervenors describe their interests in sweeping

generalities. For example, St. Croix Environmental Association explains

that it "elevates community concerns about environmental issues on St.

Croix, especially the environmental justice community" and has

"advocate[d] for clean air and to reduce air and water pollution generated

5

by the refinery." Sierra Club is "concerned about the environmental and climate impacts of refining." The Center for Biological Diversity ("Center") asserts that "members' environmental interests will be harmed by air pollution and other environmental damage from restarting the Refinery." Mot. to Intervene at 10–11. Neither Sierra Club nor Center claim to have any members from St. Croix (or the U.S. Virgin Islands). All of these putative interests are too remote to justify allowing intervention in this matter.

## II.  WOULD-BE INTERVENORS HAVE NOT MADE THE REQUIRED "STRONG SHOWING" THAT EPA WILL NOT ADEQUATELY REPRESENT THEIR INTERESTS.

A public interest group seeking to intervene on behalf of a public agency must make a "strong showing of inadequate representation" where, as here, its interests "strongly parallel those of the public agency." *Kleissler*, 157 F.3d at 972 (internal quotations and citations omitted). Further, a government entity charged by law with representing a national policy is presumed adequate for the task. *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). Intervenors offer nothing other than rank speculation in an effort to overcome the presumption and that presumption remains unrebutted.

Here, the proposed intervenors' interests are identical to EPA's interests. As described in the November 16, 2022 EPA Determination, EPA specifically took into consideration the interests of what St. Croix Environmental Association describes as the "environmental justice community" in the areas surrounding the refinery. Intervenors merely speculate that EPA will not adequately represent their interests.

## III.    PROPOSED INTERVENORS DO NOT HAVE A LEGITIMATE INTEREST IN THE OUTCOME.

Even if an applicant for intervention can establish that it possesses a sufficient legal interest in the underlying dispute, "the applicant must also show that this claim is in jeopardy in the lawsuit." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992). Here, the proposed intervenors cannot show that their interests "may be affected or impaired, *as a practical matter* by the disposition of the action." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.), *cert. denied*, 484 U.S. 947 (1987) (emphasis added). Moreover, "the impairment prong is not met if the would-be intervenor could adequately protect its interests in the action by participating as *amicus curiae.*" *Ohio Valley Env't Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 26 (S.D. W. Va. 2015). Here, Port Hamilton informed

proposed intervenors that it would not object to them participating in this proceeding as *amici* before they moved to intervene and still has no objection to them participating in that role.

## CONCLUSION

The would-be intervenors in this case have not met the substantial burden they must overcome to be permitted to intervene—especially given their burden to show "a strong showing of inadequate representation." Finally, the fact that this is an expedited proceeding weighs against allowing intervention, as intervention could easily lead to delay in the proceedings. For the forgoing reasons, the motion should be denied.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: February 21, 2023

/s/ Andrew C. Simpson
Andrew C. Simpson
VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

8

Of counsel:

Matthew W. Morrison
PILLSBURY WINTHROP SHAW
PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
202.663.8036
matthew.morrison@pillsburylaw.com

Julie R. Domike
BABST | CALLAND
505 9th St. NW
Suite 602
Washington, DC 20004
202.853.3453
jdomike@babstcalland.com

Gary E. Steinbauer
BABST | CALLAND
Two Gateway Center
Pittsburgh, PA 15222
412.394.6590
gsteinbauer@babstcalland.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with this Court's electronic filing system on February 21, 2022, which will provide electronic notice to the parties below of the filing.

 HEATHER E. GANGE
U.S. Department of Justice
Environment and Natural
Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone No: (202) 514-4206
Heather.Gange@usdoj.gov

Corinne Snow
VINSON & ELKINS LLP
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Phone: (212) 237-0157
Email: csnow@velaw.com

*Counsel for Respondent*

*Counsel for proposed intervener
Limetree Bay Terminals, LLC*

Michael Ray Harris
Associate Professor of Law
Environmental Justice Clinic
Vermont Law & Graduate School
PO Box 96, 164 Chelsea Street
South Royalton, VT 05068
(802) 831-1364
mrharris@vermontlaw.edu

*Counsel for proposed intervenors*
*St. Croix Environmental Association,*
*Sierra Club, and Center for Biological Diversity*

/s/ Andrew C. Simpson