# United States Court of Appeals for the Third Circuit

## Case No. 23-1094

_____

**Port Hamilton Refining and Transportation, LLLP**

**Petitioner,**

vs.

**United States Environmental Protection Agency,**

**Respondent.**

_____

## Addendum to Principal Brief of Port Hamilton Refining and Transportation, LLLP

On review from the November 16, 2022 Determination
of the Environmental Protection Agency

Andrew C. Simpson
Andrew C. Simpson, P.C.
2191 Church St., Ste. 5
Christiansted, VI  00820
340-719-3900
asimpson@coralbrief.com
www.coralbrief.com

## TABLE OF CONTENTS

INTRODUCTION ................................................................................. 1

STANDARD OF REVIEW .................................................................. 1

COMBINED CERTIFICATIONS ........................................................ 4

# TABLE OF AUTHORITIES

**Cases**

*Bethlehem Steel Corp. v. U.S. E.P.A.*, 651 F.2d 861 (3d Cir. 1981)..........1

*Delaware Citizens for Clean Air, Inc. v. EPA*, 480 F.2d 972 (3d Cir. 1973) ................................................................................................1

*F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009) ....................3

*Int'l Brotherhood of Teamsters v. Daniel*, 439 U.S. 551 (1979) ................2

*United States Steel Corp. v. EPA*, 633 F.2d 671 (3d Cir. 1980)................1

**Statutes**

5 U.S.C.A. § 706(2) .........................................................................2, 3

42 U.S.C. § 7475(a) ..............................................................................2

# INTRODUCTION

Port Hamilton Refining and Transportation, LLLP submits this addendum to its opening brief in accordance with this Court's text Order entered on February 27, 2023.

# STANDARD OF REVIEW

The standard of review of actions of the Administrator under the Clean Air Act are reviewed under the same standard set forth in section 10(e) of the Administrative Procedure Act, 5 U.S.C. s 706(2). *See Bethlehem Steel Corp. v. U.S. E.P.A.*, 651 F.2d 861, 867 (3d Cir. 1981); *United States Steel Corp. v. EPA*, 633 F.2d 671, 673 (3d Cir. 1980); *Delaware Citizens for Clean Air, Inc. v. EPA*, 480 F.2d 972 (3d Cir. 1973).

Under that standard, "[t]he reviewing court shall—

(2) hold unlawful and set aside agency action, findings and conclusions found to be—

   (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

   (B) contrary to constitutional right, power, privilege, or immunity;

   (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

   (D) without observance of procedure required by law,

   (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise

> > reviewed on the record of an agency hearing provided by statute; or
> 
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
> 
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C.A. § 706(2); *See also Bethlehem Steel Corp.*, 651 F.2d at 867.

**Issue I** questions whether 42 U.S.C. § 7475(a) applies to the St. Croix refinery and presents an issue of pure statutory interpretation. This Court reviews EPA's action to determine if it is "in excess of statutory jurisdiction, authority, or limitations or short of statutory right." 5 U.S.C. s 706(2)(C). "Under this standard this court has primary responsibility for determining whether the EPA has correctly interpreted the statutory provision upon which it has based its decision." *Bethlehem Steel Corp.*, 651 F.2d at 867 (3d Cir. 1981). The Court must "honor the clear meaning of a statute, as revealed by its language, purpose and history." *Int'l Brotherhood of Teamsters v. Daniel*, 439 U.S. 551, 566 n.20 (1979).

**Issue II** challenges EPA's 2022 reversal of findings made in 2018 related to the St. Croix refinery. This Court reviews the 2022 findings to

2

determine if EPA's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

**Issue III** asserts that EPA's 2022 reversal is barred by Port Hamilton's "serious reliance interests" upon EPA's 2018 findings. The reviewing court is required to consider whether EPA took "into account" Port Hamilton's reliance interests." *F.C.C. v. Fox Television Stations, Inc.,* 556 U.S. 502, 515 (2009) and reviews EPA's action under the arbitrary and capricious standard. *Id.*

**Issue IV** addresses this Court's appellate jurisdiction which arises for the first time upon the filing of the Petition for Review. Accordingly, the Court makes a *de novo* determination of its jurisdiction.

Date: February 24, 2023          Respectfully submitted,

/s/ Andrew C. Simpson
Andrew C. Simpson
V.I. Bar No. 451
ANDREW C. SIMPSON, PC
2191 Church St., Ste. 5
Christiansted, VI 00820
340.719.3900
asimpson@coralbrief.com
www.coralbrief.com

# COMBINED CERTIFICATIONS

I hereby certify that:

### BAR MEMBERSHIP

I am a member in good standing of the bar of this Court.

### WORD COUNT AND TYPE FACE

This addendum, combined with the opening brief complies with the type-volume limitation of Fed. R. App. P. 32. The addendum contains 523 words and the opening brief contained 12,169 (excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii)). Accordingly, the combined word count is 12,692 words.

This addendum complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point, Century Schoolbook font.

### VIRUS CHECK

I certify that ESET NOD32 Antivirus, version 9.1.2063.0, with its virus signature database updated through March 1, 2023, was run on the electronic file and that no virus was detected.

### IDENTICAL COMPLIANCE OF BRIEFS

I certify that the texts of Port Hamilton's electronically-filed Opening Brief and this Addendum are identical to the text of the paper copies filed with the Court and served upon counsel.

### SERVICE

On March 3, 2023, I served this Addendum by using the Court's electronic filing system, which will deliver a Notice of Filing

to:

| | |
|---|---|
| HEATHER E. GANGE<br>U.S. Department of Justice<br>Environment and Natural<br>Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Telephone No: (202) 514-4206<br>Heather.Gange@usdoj.gov<br><br>*Counsel for Respondent* | Corinne Snow<br>VINSON & ELKINS LLP<br>1114 Avenue of the Americas<br>32nd Floor<br>New York, NY 10036<br>Phone: (212) 237-0157<br>Email: csnow@velaw.com<br><br><br><br>*Counsel for proposed intervener<br>Limetree Bay Terminals, LLC* |

Michael Ray Harris
Associate Professor of Law
Environmental Justice Clinic
Vermont Law & Graduate School
PO Box 96, 164 Chelsea Street
South Royalton, VT 05068
(802) 831-1364
mrharris@vermontlaw.edu

*Counsel for proposed intervenors
St. Croix Environmental Association,
Sierra Club, and Center for Biological Diversity*


I further certify that the original and six copies of Port Hamilton's opening brief and this Addendum, and the Appendix were mailed via U.S. Priority Mail to the Court on March 1, 2023 and one copy of each of the above was mailed via U.S. Priority Mail to each counsel listed above.

/s/ Andrew C. Simpson
As to all certifications

5