IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

PORT HAMILTON REFINING AND
TRANSPORTATION, LLLP

    PETITIONER,

vs.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

    RESPONDENT.

CASE NO. 23-1094

**PORT HAMILTON REFINING AND TRANSPORTATION, LLLP'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES**

Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") moves for an award of litigation costs, including reasonable attorney fees, under the Clean Air Act, 42 U.S.C. § 7607(f), in the amount of $505,824.81.

## INTRODUCTION

Port Hamilton sought to overturn the U.S. Environmental Protection Agency's ("EPA") November 16, 2022 letter that prohibited Port Hamilton from restarting its St. Croix Refinery without first undergoing a Prevention of Significant Deterioration ("PSD") review and permitting

process that Congress made applicable solely to newly constructed refineries or refineries that underwent certain major modifications. The St. Croix Refinery did not fall into either category. The stakes were high: If EPA prevailed, the delays and uncertainty caused by the PSD requirement would have caused the company to be unable to sustain its three-million-dollar-a-month "burn rate."[1] The Court agreed to consider the petition on an expedited basis and thereafter granted Port Hamilton's petition and vacated the November 16, 2022 letter. *See Port Hamilton Ref. & Transportation, LLLP v. U.S. Env't Prot. Agency,* 75 F.4th 166 (3d Cir. 2023).

## ARGUMENT

### I. STATUTORY BASIS FOR A FEE AWARD: THE CLEAN AIR ACT

Section 7607 of the Clean Air Act ("Section 307"), which governs judicial review of Environmental Protection Agency ("EPA") actions, provides that "[i]n any judicial proceeding under this section, the court may award costs of litigation (including reasonable attorney and expert

---

[1] *See* Doc. No. 9-2, at 3, ¶14 (explaining that "Port Hamilton continues to spend approximately $3 million per month to keep the refinery in a safe standby mode.")

witness fees) whenever it determines that such award is appropriate." 42 U.S.C. § 7607(f).

## II. AN AWARD OF ATTORNEY FEES IS "APPROPRIATE"

### A. PORT HAMILTON ACHIEVED COMPLETE SUCCESS

For an award of attorney fees under Section 307(f) to be appropriate, a party must have achieved "some degree of success" on its claims. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983). Congress intended under Section 307(f) "to expand the class of parties eligible for fee awards from prevailing parties to *partially prevailing* parties—parties achieving *some success*, even if not major success." *Id.* at 688 (emphasis in the original).

Here, Port Hamilton achieved *complete* success on its claims. It sought to have the November 16, 2022 EPA letter vacated and that is exactly what this Court ordered. Because Port Hamilton was fully successful on its claims, and for the additional reasons stated below, the award of costs and attorney fees requested on this motion is "appropriate" and it is entitled to an award of fees as a matter of law.

EPA may argue that Port Hamilton's eligibility for attorney fees is undermined by the fact that this Court did not address its alternative

arguments. However, for purposes of determining eligibility for attorney fees, whether a party achieved the requisite degree of success does not depend on the court's treatment (or lack thereof) of a particular theory, argument or ground upon which a given claim is based. Rather, it depends on whether the party failed or succeeded in obtaining the ultimate result that it sought. As explained in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a "court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. *The result is what matters.*" *Id.* at 435 (emphasis added and footnote omitted). Here, Port Hamilton raised several independent grounds for vacating the November 16, 2022 letter. That the Court agreed with the first ground and thereby obviated the need to consider the other grounds in no way undermines the fact that Port Hamilton achieved exactly what it sought when it filed its petition. *See also American Petroleum Institute v. EPA*, 72 F.3d 907, 922–12 (D.C. Cir. 1996) (observing that the petitioners in that case made only one claim for relief despite raising five arguments in support of the one claim and therefore completely prevailed). *See also Davis County Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 760 n.8 (D.C. Cir. 1999) ("The court did not reach the arbitrary and capricious

challenge, deciding the case on *Chevron* step one. Given [the petitioner's] success in the case, however, the time its attorneys spent on alternative grounds should not be used to reduce its award.")

These cases make clear that a court should not index an award of attorney fees to the success or failure of a particular argument or theory pressed by a party in support of a claim. Rather, "[t]he result is what matters." *Hensley*, 461 U.S. at 435.

In sum, Port Hamilton was completely successful on its claims. Therefore, an award of fees is appropriate.

### III. THE AMOUNT OF ATTORNEYS' FEES AND COSTS WERE REASONABLY AND NECESSARILY INCURRED.

Courts generally consider up to twelve factors in deciding the reasonableness of a fee request:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430, n.3.

    A.    **THE TIME AND LABOR REQUIRED: APPROPRIATE BILLING JUDGMENT WAS USED TO ENSURE THAT THE FEE INVOICES WERE APPROPRIATE BEFORE THEY WERE SUBMITTED FOR PAYMENT.**

Extraordinary effort is required whenever a party must present a petition or appeal to the Court on an expedited basis. The compressed schedule for briefing, coupled with the need to still present finely honed arguments to the Court, requires extra effort in a short period of time. Port Hamilton's expedited petition was no exception—if anything, more effort was required because it required distilling complex Clean Air Act issues into cogent briefs to be presented to an unknown (at the time) judicial panel that might be unfamiliar with the intricacies and subtleties of the

CAA issues presented. To accomplish that goal, Port Hamilton retained a team of lawyers—some well-versed in the CAA and another experienced in appellate litigation and Third Circuit practice—to ensure that the CAA issues were properly and accurately presented in a fashion that was easily understood.

As established in the declarations of counsel submitted in support of this motion, Port Hamilton's legal team took efforts to ensure that the time they spent on the case was appropriate. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission . . . . 'Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.D.C. 1980) (*en banc*).

In this case, the attorneys for Port Hamilton are all in private practice and were billing Port Hamilton on an hourly basis. The attorneys exercised billing judgment and excluded from their invoices hours that were excessive, redundant or otherwise unnecessary. Declaration of Simpson at

¶10; Declaration of Morrison at ¶8; Declaration of Domike at ¶6. Invoices were subject to review by Port Hamilton before payment. Declaration of Simpson at ¶11.

Plaintiffs have attached as exhibits to the attorney declarations the detailed time records for the attorneys. The attorneys billed in tenth of an hour increments with no minimum time charge. Declaration of Simpson, ¶7. Declaration of Morrison at ¶ 6; Declaration of Domike at ¶4. The declarations establish that the time that was invoiced was reasonable and necessary in support of the efforts in this case.

The fees incurred, and sought, by Port Hamilton, as established by the attorney declarations, are as follows:

| | |
|---|---|
| Simpson law firm: | $88,950.00 |
| Pillsbury Winthrop: | 269,846.31 |
| BabstCalland: | 147,028.50 |
| Total: | $505,824.81 |

B. **THE COMPLEXITY OF THE ISSUES AND THE EXPEDITED APPEAL REQUIRED THE ATTORNEYS TO DEVOTE SIGNIFICANT TIME TO THE CASE.**

Port Hamilton's claims raised novel issues that had never been challenged in the more than four decades that EPA's reactivation policy had been in place. This litigation involved the interpretation of parts of the

CAA that had been interpreted by the Courts—and never on the primary issue presented. It required delving into the unusually lengthy legislative history of the CAA and the 1977 amendments to the CAA and a comparative analysis of how Congress had deliberately included existing refineries in one part of the CAA while deliberately excluding existing refineries when it came to PSD requirements. (The Court's opinion relied in significant part upon the stark differences between thsee two parts of the CAA.) It further required delving into the jurisdictional aspects of the CAA and an analysis of whether (a) the November 16, 2018 Determination was "final" and (b) an analysis of the CAA jurisdictional statutes to establish that finality is not even a requirement for filing a petition for review.

### C. THE AMOUNT OF TIME WAS NECESSARY PARTLY BECAUSE OF DEFENDANTS' EFFORTS.

While defendants are not required to "roll over" in the face of litigation, their approach to the litigation affects the amount of time plaintiffs must devote to a case. As the Supreme Court has observed, "[t]he government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *City of Riverside v. Rivera*,

477 U.S. 561, 580 n.11 (1986) (quoting *Copeland*, 641 F.2d at 904). Here, the defendants insisted that their interpretation of the CAA was the only possible interpretation (and contradictorily, that *"Chevron* deference" to EPA's interpretation of an ambiguous statute was required). EPA stood firm in its interpretation even in the wake of an express statement by the EPA's previous Assistant Administrator for Air and Radiation that EPA's interpretation of the CAA was inappropriate and therefore its reactivation policy was invalid. And it insisted upon litigating even after Port Hamilton offered to settle the case by agreeing to a timetable to undergo PSD review so long as the refinery was permitted to recommence operations in the meantime. Declaration of Simpson, ¶15.

### D. PORT HAMILTON OBTAINED AN EXCEPTIONAL RESULT.

There was no partial victory in this case. Port Hamilton won exactly what it was seeking. And it did so in exceptional time—4-1/2 months from filing the petition to oral argument. Further, plaintiffs set an important precedent regarding EPA's reactivation policy and, in the words of InsideEPA.COM, "gutted EPA's decades-old policy."[2] Where, as here, the

---

[2] InsideEPA,COM (Aug. 15, 2023) (last accessed Aug. 23, 2023), https://insideepa.com/daily-news/epa-weighs-appeal-3rd-circuit-ruling-g

plaintiffs "ha[ve] obtained excellent results", they "should recover a fully compensable award." *Hensley*, 461 U.S. at 435.

### E. THE HOURLY RATES ARE REASONABLE AND FULLY COMPENSABLE

An attorney's hourly rate is determined in accordance with the prevailing market rate in the community. *Blum v. Stenson*, 465 U.S. 886, 893-95 (1984); *Washington v. Phila. County Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The rate should reflect the attorney's skill and experience. *See Blum*, 465 U.S. at 895, n.11. Normally, this Court applies the "prevailing rate in the forum of the litigation" when considering fee awards. *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005), as amended (Nov. 10, 2005).  however, an exception to this rule applies when there is a need for the "'special expertise of counsel from a distant district.'" *Id.* at 704 (quoting *Report of the Third Circuit Task Force on Court Awarded Attorney Fees,* 108 F.R.D. 237, 261 (1985).

Here, the "forum" is the Third Circuit, although the underlying decision was issued out of EPA's New York office and Port Hamilton is located in St. Croix. Port Hamilton employed Attorney Andrew C. Simpson

---

utting-psd-reactivation-policy

for his appellate expertise; and Attorneys Matthew Morrison of Pillsbury Winthrop Shaw Pittman LLP and Julie Domike and Gary Steinbauer of Babst Calland for their CAA expertise and historical familiarity with the St. Croix Refinery. Declaration of Simpson, ¶13. Declaration of Morrison at ¶ 12; Declaration of Domike at ¶9. As established by the Declaration of Attorney Simpson (¶16), there are no lawyers in the Virgin Islands with the CAA expertise possessed by Attorneys Morrison, Domike and Steinbauer.

Attorney Simpson's declaration (at ¶¶8–9) and Exhibit B attached thereto establishes that his $500 per hour rate is customary in the Virgin Islands (if not low) for attorneys of his experience and skill level. Attorney Morrison and Attorney Domike establish in their declarations that the hourly rates they charged were lower than their peers. Declaration of Morrison at ¶7; Declaration of Domike at ¶5. Both attorneys are based in the District of Columbia area and their rates are also in accord with the "Laffey Matrix" (http://www.laffeymatrix.com/see.html) used by courts in the District of Columbia for purposes of determining an appropriate hourly rate for a fee award. *See DL v. D.C.*, 924 F.3d 585, 591 (D.C. Cir. 2019). If the Court does not agree that the exception to the "forum rate rule" applies

to their rates, then Port Hamilton respectfully submits that their rates should be adjusted to the $750 per hour rate that is the highest Virgin Islands rate attested to by Attorney Simpson.

Port Hamilton has proven that the hourly rates its attorneys charged are within the range customarily charged in their respective jurisdictions. Accordingly, the hourly rates are reasonable and should be accepted by the Court.

### IV. THE BURDEN IS UPON THE UNITED STATES TO CHALLENGE THE RATES AND TIME

The burden is upon the party opposing a fee award to challenge any time it believes is excessive, redundant or unnecessary. *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989). Where an attorney has submitted evidence from fellow practitioners supporting their requested rate, the court may not lower this rate unless the opposing party has submitted contradictory evidence. *Washington,* 89 F.3d at 1036. The Court may not *sua sponte* reduce the hours submitted by the party seeking fees *unless* it is with respect to matters within the judge's personal knowledge (*e.g.* the amount of time spent by counsel in a conference with the judge). *Bell*, 884 F.2d at 719.

## CONCLUSION

EPA's November 16, 2022 Determination threatened the very existence of Port Hamilton. To protect itself from EPA's wrongful conduct, Port Hamilton assembled a sophisticated and expert legal team to engage EPA and the Department of Justice—often called the "World's Largest Law Firm." That team delivered an outstanding result for Port Hamilton. A fee award of $505,824.81 is reasonable and appropriate given the skill required, the result obtained, and the stakes for Port Hamilton.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.**,
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: August 24, 2023

/s/ Andrew C. Simpson
Andrew C. Simpson
VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Of counsel:

| | |
|---|---|
| Matthew W. Morrison<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1200 Seventeenth Street, NW<br>Washington, DC 20036<br>202.663.8036<br>matthew.morrison@pillsburylaw.com | Julie R. Domike<br>BABST\|CALLAND<br>505 9th St. NW<br>Suite 602<br>Washington, DC 20004<br>202.853.3453<br>jdomike@babstcalland.com<br><br>Gary E. Steinbauer<br>BABST\|CALLAND<br>Two Gateway Center<br>Pittsburgh, PA 15222<br>412.394.6590<br>gsteinbauer@babstcalland.com |

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with this Court's electronic filing system on August 24, 2023, which will provide electronic notice to the parties below of the filing.

HEATHER E. GANGE
U.S. Department of Justice
Environment and Natural
Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone No: (202) 514-4206
Heather.Gange@usdoj.gov

*Counsel for Respondent*

                                                /s/ Andrew C. Simpson